**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

GEORGE & COMPANY, LLC, a New
York limited liability corporation

    Plaintiff,

v.                                                       Case No:  2:12-cv-667-Ftm-99SPC

SAM Y. CHEUNG, SAM Y. CHEUNG,
SAM Y. CHEUNG, VARIOUS JOHN
DOES, VARIOUS JANE DOES and ABC
COMPANIES,

    Defendants.
_____/

**ORDER**

      This matter comes before the Court on Plaintiff's Motion for Entry of Default by Clerk (Doc. #10) filed on February 13, 2013.  Plaintiff moves for the entry of clerk's default against Defendants Sam Y. Cheung, individually, gooddealparts, and Good Deal Parts for failure to respond to the Complaint.  As grounds, the record indicates that all of these Defendants were served with the summons and compliant on January 12, 2013 at 2427 34th Avenue, Oakland, California 94601.  The Proofs of Service for Good Deal Parts and gooddealparts, indicates that Sam Y. Cheung was served in his individual capacity as well as "doing business as" Good Deal Parts and gooddealparts, at this address.  (Docs. #7, 8, 9).   Plaintiff's Complaint alleges that Defendants are infringing on Plaintiff's intellectual property rights by selling counterfeit dice games in interstate commerce.  Defendant is shipping these products under the name "Good Deal Parts, 2427 34th Avenue, Oakland, California 94601."  (See Doc. #1, p. 13 screenshot).

Under Fed. R. Civ. P. 55(a), default is justified "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear by affidavit or otherwise, the clerk shall enter the party's default." Before a clerk's default can be issued, the serving party must establish that the defaulting party was properly served. Kelly v. Florida, 2007 WL 295419 *2 (11th Cir. Jan. 31, 2007). The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d). As an alternative, process may be served on the agent designated by the corporation as its registered agent.

In this instance, Defendant Sam Y. Cheung, individually, was served by delivering the summons and complaint to him personally at 2427 34th Avenue, Oakland, California 94601. It is alleged that Mr. Cheung is doing business as Good Deal Parts and gooddealparts as the Complaint (Doc. #1) states that Good Deal Parts and gooddealparts are fictitious California entities.

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. To date, there has been no responsive pleading with respect to the Complaint from the Defendants. Therefore, the entry of clerk's default against him is appropriate at this time.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Entry of Default by Clerk (Doc. #10) is **GRANTED**. The Clerk of Court is directed to enter a clerk's default against Defendants Sam Y Cheung, individually, Sam Y Cheung d/b/a Good Deal Parts, and Sam Y Cheung d/b/a gooddealparts **ONLY**.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of February, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record