UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE & COMPANY, LLC, a New
York limited liability corporation,

    Plaintiff,

v().                                  Case No:   2:12-cv-667-FtM-38UAM

SAM Y. CHEUNG, an individual,
SAM Y. CHEUNG, d/b/a
gooddealparts, SAM Y. CHEUNG,
d/b/a GOOD DEAL PARTS,
VARIOUS JOHN DOES, VARIOUS
JANE DOES, and ABC
COMPANIES,

    Defendants.
_____/

## ORDER

This matter comes before the Court on review of the file.  It has come to this Court's attention that there was an error in the Judgment entered on December 23, 2013.  Thus, the Court will direct the Clerk to amend the judgment as set forth below.

Accordingly, it is now **ORDERED:**

(1) The Clerk is directed to enter an amended judgment as follows:

(2) Defendants, SAM Y. CHEUNG d/b/a gooddealparts, and SAM Y. CHEUNG d/b/a GOOD DEAL PARTS, are enjoined and restrained, together with their officers, directors, principals, agents, service employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith having notice of this Order as follows:

    a. from using in any way any of Plaintiff's Marks, or any reproduction, counterfeit, copy, callable imitation, or confusingly similar term on any game,

packaging, web site, online ad, sign, advertisement, slogans, internet domain name, promotional material, promotional communication, and/or printed electronic matter, unless authorized by Plaintiff, and from making, using, selling or offering for same any games branded, marked or designated with LCR, LEFT CENTER RIGHT, or any of Plaintiff's Marks, unless such games were lawfully purchased from Plaintiff.

b. from any act or failure to act in connection with the term LCR® or LEFT CENTER RIGHT™ or any other confusingly similar terms likely to cause confusion or mistake or to deceive as to affiliation, connection or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities, or causing injury to Plaintiff's business reputation or dilution of the distinctiveness of Plaintiff's Marks set forth herein or to Plaintiff's forms of advertisement.

c. from purchasing or using any form of advertising, including key words, online ads or "ad words" in internet advertising containing the mark incorporating LCR® or LEFT CENTER RIGHT™, or any confusingly similar mark, unless authorized by Plaintiff, and shall when purchasing internet advertising using key words, ad words or the like, require the activation of the term "LCR" or "LEFT CENTER RIGHT" as negative key words or negative adwords in any advertising purchased or used.[1]

---

[1] For purposes of this Order, a "negative keyword" or "negative adword" shall mean a special kind of advertiser keyword matching option that allows an advertiser to prevent its advertisement from appearing when the specific terms are a part of a given user's internet search or search string. It does not infer that the Defendant may use the specified negative keywords or adwords for any other purpose.

    d. from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from Plaintiff, unless Plaintiff has provided authorization to do so.

    e. from making false or misleading statements of fact, false or misleading descriptions, or falsely characterizing the origin of Plaintiff's goods, and from suggesting any affiliation with or sponsorship by Plaintiff.

    f. from contesting the validity, ownership or the enforceability of Plaintiff's Marks.

    g. from using in any way Plaintiff's Trade Dress, or any reproduction, counterfeit, copy, callable imitation, or confusingly similar trade dress on any game, packaging, web site, online ad, sign, advertisement, slogans, internet domain name, promotional material, promotional communication, and/or printed electronic matter, unless authorized by Plaintiff.

    h. from contesting the validity, ownership or enforceability of Plaintiff's Trade Dress and any similar trade dress that is the same or substantially similar to that used by Plaintiff.

    i. from using in any way Plaintiff's Copyrighted Work, or any reproduction, counterfeit, copy, callable imitation, or confusingly similar game instructions or depictions on any game, packaging, web site, online ad, sign, advertisement, slogans, internet domain name, promotional material, promotional communication, and/or printed electronic matter, unless authorized by Plaintiff.

    j. from contesting the validity, ownership or enforceability of Plaintiff's Copyright Work and any game instructions that are the same or substantially similar to those copyrighted by Plaintiff.

    k. Within **ten days** of the date of the entry of this Order, Defendants shall account to Plaintiff for all accused games ordered and sold, and shall deliver to Plaintiff any unsold accused games, instructions, chips, promotional materials and online materials concerning the accused dice games for destruction. Defendants shall also identify all sources of the accused games, trade dress, game instructions and chips known to Defendants.

    l. Defendants shall fully cooperate and shall provide substantial assistance to Plaintiff in any of Plaintiff's efforts to obtain information, documents or things pertaining to Defendants' procurement or dealing in any of the accused games, marks, trade dress and game instructions referred to herein, and with the further identification of any other sources of the accused games, marks, trade dress, game instructions and chips which are known to or available to Defendants.

(3) The Clerk is directed to provide a copy of this Order to all Defendants at the last known addresses in the Court file.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of December, 2013.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record